UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ARTHUR EDGAR GROSHONG, JR.,

        Plaintiff,                                 Case No. 14-cv-12183

v.                                                 Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

**ORDER GRANTING MOTION FOR ATTORNEY FEES**

On October 12, 2016, Plaintiff's counsel filed a motion for attorney fees under 42 U.S.C. § 406(b), requesting $17,379.75. ECF No. 23. Plaintiff's action had previously been remanded to the Social Security Commissioner, ECF Nos. 20, 21, who then found that Plaintiff was entitled to past-due benefits of $47,108.00 and that Plaintiff's child was entitled to past-due benefits of $22,411.00, for a total of $69,519.00. *See* Notices of Award, ECF No. 23, Ex. A. On September 22, 2015, a stipulated proposed order which awarded Plaintiff's counsel $4,485.00 under the Equal Access to Justice Act (EAJA), 28, U.S.C. § 2412, was entered. ECF No. 22.

In his motion, Plaintiff's attorney argues that his request of $17,379.75 in attorney fees is reasonable and should be granted. He cites *Gisbrecht v. Barnhart* for the proposition that an attorney-client contingent fee agreement should be given effect under § 406(b), as long as the resulting fee is reasonable. 535 U.S. 789, 809 (2002). Courts must engage in an "independent check" of fees requests under contingent fee arrangements to ensure that the arrangement yields "reasonable results." *Id.* at 807. Defendant does not argue that Plaintiff's requested fee is unreasonable. *See* ECF No. 24. An agreement for a 25% contingent-fee is presumed reasonable

unless the fee is especially large and counsel either behaved improperly or the award would give counsel a windfall. *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990). After an independent review of the record, the Court is satisfied that the fee is not unusually large, that there is no evidence that counsel behaved improperly, and that counsel will not receive a windfall. Accordingly, Plaintiff's counsel is entitled to $17,379.75 under the fee agreement.

Both parties agree that Plaintiff's counsel is not entitled to attorney fees under both the EAJA and § 406(b). *See Gisbrecht*, 535 U.S. at 796. For that reason, counsel's award under § 406(b) will be offset by the $4,485.00 counsel received pursuant to the EAJA.

Typically, the Social Security Administration will withhold part of the past-due benefits in case the plaintiff's counsel seeks fees under § 406(b). *See* 42 U.S.C.A. § 406(b)(1)(A); *Matthews v. Colvin*, No. 3:10-CV-348, 2013 WL 6230339, at *4 (E.D. Tenn. Dec. 2, 2013). Plaintiff's counsel does not directly indicate how much Defendant has withheld in this case. However, the Notices of Award which Plaintiff's counsel attaches appear to reflect that only $5,777.00 has been withheld. *See* Notice of Award at 4. If true, the amount withheld would not completely cover the fee that Plaintiff's counsel is entitled too, even after the EAJA offset. The parties have not briefed this issue, and the Court has found little relevant precedent. However, "Social Security Act fees, whether for services before the SSA or the court, are the plaintiff's debt and not the government's." *Binder & Binder, P.C. v. Colvin*, 818 F.3d 66, 71 (2d Cir. 2016). Accordingly, Plaintiff is responsible for any outstanding amount. *See Matthews*, 2013 WL 6230339 (directing that counsel collect his attorney fees "directly from his client" because the withheld funds had already been expended).

Accordingly, it is **ORDERED** that Plaintiff Arthur Groshong's motion for attorney fees, ECF No. 23, is **GRANTED.**

It is further **ORDERED** that Plaintiff Arthur Groshong's attorney, Charles Robison, is **DIRECTED** to return directly to Plaintiff Groshong the **$4,485.00** in EAJA fees previously awarded.

It is further **ORDERED** that the Commissioner of Social Security is **DIRECTED** to disburse the funds retained for compensation of Plaintiff Arthur Groshong's attorney, in the amount of **$17,379.75** or as much as has been withheld, to Plaintiff Arthur Groshong's attorney, upon presentation of this Order.

It is further **ORDERED** that, to the extent the funds withheld by the Commissioner of Social Security are inadequate to satisfy the award of **$17,379.75** to which attorney Charles Robison is entitled, the remaining award be collected directly from Plaintiff Arthur Groshong.

Dated: November 1, 2016                s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 1, 2016.

                                       s/Michael A. Sian
                                       MICHAEL A. SIAN, Case Manager